# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ROGER FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08-cv-1174 |
| v. ) | |
| ) | |
| LIVINGSTON COUNTY, ILLINOIS, an ) | |
| Illinois Local Governmental Entity; ) | |
| ROBERT McCARTY, Sheriff of Livingston ) | |
| County, Illinois, in his Individual and ) | |
| Official Capacities; LYNN CAHILL- ) | |
| MASCHING, Jail Administrator of ) | |
| Livingston County, Illinois, in her ) | |
| Individual and Official Capacities; ) | |
| DAVID TURNER, Deputy Sheriff of ) | |
| Livingston County, Illinois, in his ) | |
| Individual Capacity; LANCE SCUDDER, ) | |
| Deputy Sheriff of Livingston County, ) | |
| Illinois, in his Individual Capacity; ) | |
| TONY CHILDRESS, Deputy Sheriff/ ) | |
| Detective of Livingston County, Illinois, ) | |
| in his Individual Capacity; CAREY ) | |
| LUCKMAN, Assistant State's Attorney ) | |
| of Livingston County, Illinois, in his ) | |
| Individual Capacity; JASON DURHAM, ) | |
| Jail Supervisor, in his Individual Capacity; ) | |
| SCOTT HARMON, Jail Supervisor, ) | |
| in his Individual Capacity; ROD REED, ) | |
| Jail Supervisor, in his Individual Capacity; ) | |
| ADVANCED CORRECTIONAL ) | |
| HEALTHCARE, INC.; NORMAN ) | |
| JOHNSON, M.D., in his Individual ) | |
| Capacity; GEORGE SHOTICK, M.D., ) | |
| in his Individual Capacity; ADRIENNE ) | |
| SAUERS, in her Individual Capacity; and ) | |
| DAWN GERINGER, in her Individual ) | |
| Capacity, ) | |
| ) | |
| Defendants. ) | |

# O P I N I O N  &  O R D E R

Before the Court is a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Advanced Correctional Healthcare, Inc.; Norman Johnson, M.D.; George Shotick, M.D.; Adrienne Sauers; and Dawn Geringer. The motion was filed on August 28, 2008 (Doc. 28). Plaintiff filed a response in opposition to the motion on October 10, 2008 (Doc. 36). For the reasons stated below, the motion is GRANTED, in part, and DENIED, in part.

## BACKGROUND

On August 4, 2006, Deputy Sheriffs of Livingston County, Illinois arrested Plaintiff Roger Fleming for suspicion of home invasion and aggravated criminal sexual abuse (Am. Compl. ¶ 36). Livingston County officials placed Plaintiff in the Livingston County Jail, where he remained incarcerated from August 4, 2006 to September 20, 2006. He was subsequently released on bond. (Am. Compl. ¶ 47). Plaintiff was, at some point, charged by information with residential burglary, criminal trespass to a residence, aggravated criminal sexual abuse, and attempted aggravated criminal sexual abuse. (Am. Compl. ¶ 37). On March 8, 2007, an Illinois circuit court judge dismissed the criminal charges against Plaintiff for lack of probable cause. (Am. Compl. ¶ 43).

On July 17, 2008, Plaintiff brought this section 1983 suit against Livingston County officials, alleging constitutional violations related to his August 4, 2006

arrest and subsequent incarceration.[1]  (Doc. 1).  Plaintiff filed an Amended Complaint on August 4, 2008 which specified his claims and added certain defendants.  (Doc. 14).  The Amended Complaint set forth the following basic claims: (i) false arrest and denial of exculpatory evidence by Livingston County officials in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments; (ii) denial of necessary medical care in violation of the Fourteenth Amendment by the Livingston County Sheriff as well as administrators, supervisors, and healthcare providers at the Livingston County Jail; and (iii) intentional, willful and wanton, or negligent denial of necessary medical care, under Illinois law, by healthcare providers at the jail.  (Am. Compl. ¶¶ 66-77).

Plaintiff has identified and named as defendants the following healthcare providers: Advanced Correctional Healthcare, Inc. ("ACH"); Norman Johnson, M.D.; George Shotick, M.D.; Adrienne Sauers; and Dawn Geringer (collectively, "Healthcare Defendants").  According to the Amended Complaint, Defendants Johnson, Shotick, Sauers, and Geringer were employed by ACH to provide medical services to persons incarcerated at the Livingston County Jail during the period of Plaintiff's incarceration.  (Am. Compl. ¶¶ 16-21).

On August 28, 2008, the Healthcare Defendants filed a Rule 12(b)(6) motion, arguing that the claims against them should be dismissed due to Plaintiff's failure to submit a healing art malpractice affidavit as required under Section 2-622 of the

---

[1] The initial complaint also indicated Plaintiff's intention to conduct preliminary discovery for the purpose of identifying and adding state law claims against health care providers at the Livingston County Jail.

Illinois Code of Civil Procedure, 735 Ill. Comp. Stat. 5/2-622. Plaintiff responded to the motion on October 10, 2008, and the motion is now ripe for disposition.

## DISCUSSION

As a general matter, when considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). However, the Court is not bound by a plaintiff's legal conclusions. Nelson v. Monroe Reg'l Med. Ctr., 925 F.2d 1555, 1559 (7th Cir. 1991). Section 2-622 of the Illinois Code of Civil Procedure requires a plaintiff in any action for medical or healing art malpractice to attach to his complaint an affidavit confirming that the case has been presented to a health care professional and that the plaintiff has received a written report opining that a meritorious claim exists. Landstrom v. Illinois Dep't of Children & Family Servs., 699 F. Supp. 1270, 1282 (N.D. Ill. 1988). Failure to file this type of affidavit is cause for dismissal. 735 Ill. Comp. Stat. 5/2-622(g). The statute is "designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage." Cuthbertson v. Axelrod, 669 N.E.2d 601, 605-06 (Ill. App. Ct. 1996). Plaintiff has not filed a Section 2-622 affidavit in this case.

The Healthcare Defendants appear to be contending that Plaintiff's failure to file a Section 2-622 affidavit justifies the dismissal of all claims against them (i.e. the section 1983 claims and the supplemental state law claims). However, the Healthcare Defendants make no argument as to whether or how Section 2-622 relates to Plaintiff's section 1983 claims regarding the denial of necessary medical

4

care. At least one court in our Circuit has concluded that Section 2-622 does not apply to section 1983 claims. See Senisais v. Fitzgerald, 940 F. Supp. 196, 200 (N.D. Ill. 1996); see also Samuel v. Carroll, 505 F. Supp.2d 256, 264 (D. Del. 2007) (holding that an analogous Delaware statute which requires the filing of an affidavit of merit in medical negligence actions did not apply to an Eighth Amendment claim pursuant to section 1983). This Court finds persuasive the approach taken by the district courts in Senisais and Samuel. In short, a medical malpractice claim under state law and a denial of necessary medical care claim under the Fourteenth Amendment are fundamentally different causes of action, each cause having a distinct standard of liability. The Healthcare Defendants have pointed to no authority supporting the proposition that Section 2-622 applies to section 1983 claims.[2] Therefore, the motion to dismiss is denied to the extent it seeks dismissal of Plaintiff's section 1983 claims against the Healthcare Defendants.

There is, however, strong support for the proposition that Section 2-622 applies to Plaintiff's supplemental state law claims against the Healthcare Defendants. Surprisingly, neither party chose to squarely address the issue of whether Plaintiff's Amended Complaint alleges a "medical . . . or other healing art malpractice" claim, so as to trigger Section 2-622. Plaintiff has alleged that the Healthcare Defendants engaged in "intentional, willful and wanton or negligent conduct" by failing to administer prescribed medications to him during his

---

[2] Nor have the Defendants made any serious attempt at an argument based on the incorporation of state law under 42 U.S.C. § 1988.

5

incarceration (Am. Compl. ¶ 77). The Court concludes that this allegation sounds in medical or healing art malpractice.³ Plaintiff makes no decipherable argument to the contrary in his response brief. Inadequately developed arguments are deemed waived. Kraimer v. City of Schofield, 342 F. Supp.2d 807, 826 (W.D. Wis. 2004) (citing Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, 181 F.3d 799, 808 (7th Cir. 1999)).

Although Section 2-622 is a provision located in the Illinois Code of Civil Procedure, many district judges in the Seventh Circuit have treated it as a substantive provision of Illinois law. See Baumann v. American Nat'l Red Cross, 262 F. Supp.2d 965, 966 (C.D. Ill. 2003); Landstrom, 699 F. Supp. at 1282; see also Winfrey v. Walsh, 2008 WL 1766600, at *1 (C.D. Ill. Apr. 14, 2008); Chapman v. Chandra, 2007 WL 1655799, at *3 (S.D. Ill. June 5, 2007) ("The United States Court of Appeals for the Seventh Circuit has implicitly held that § 2-622 is a substantive law that should apply to medical malpractice claims brought in federal courts.")

---

³ For purposes of Section 2-622, "malpractice" is defined, in part, as "[p]rofessional misconduct or unreasonable lack of skill." Cohen v. Smith, 648 N.E.2d 329, 332 (Ill. App. Ct. 1995) (citing Black's Law Dictionary 959 (6th ed. 1990)). The term has also been defined as "incorrect or negligent treatment of the patient by a person responsible for his health care" and as "dereliction from a professional duty or a failure to exercise an adequate degree of care in rendering service." Bommersbach v. Ruiz, 461 F. Supp.2d 743, 749 (S.D. Ill. 2006) (citing Jackson v. Chicago Classic Janitorial & Cleaning Serv., Inc., 823 N.E.2d 1055 (Ill. App. Ct. 2005)). The phrase "medical, hospital, or other healing art malpractice" is to be broadly construed when determining whether Section 2-622 is applicable. Woodard v. Krans, 600 N.E.2d 477, 486 (Ill. App. Ct. 1992).

(citing Sherrod v. Lingle, 223 F.3d 605 (7th Cir. 2000)).[4] This approach is an appropriate one, given the concern about frivolous malpractice suits that underlies the statute. Because Plaintiff has not filed a Section 2-622 affidavit, this Court will dismiss his supplemental state law malpractice claims against the Healthcare Defendants. See 735 Ill. Comp. Stat. 5/2-622(g).

It is within the Court's discretion whether to dismiss the malpractice claims with or without prejudice. Cuthbertson, 669 N.E.2d at 606; see Chapman, 2007 WL 1655799, at *5. It is generally a better use of discretion to allow the plaintiff an opportunity to amend his complaint to comply with Section 2-622 before dismissing malpractice claims with prejudice. See Chapman, 2007 WL 1655799, at *5 (citing Lingle, 223 F.3d at 614). Therefore, the Court will dismiss without prejudice the current malpractice claims against the Healthcare Defendants. The parties have agreed on a filing deadline of April 30, 2009 for motions to amend the pleadings. (10/3/2008 Jt. Disc. Plan ¶ 3(B)). Plaintiff will be allowed until the close of business on that date to amend his complaint to include any state law malpractice claims. Any such claims must be supported by an attached affidavit that strictly complies with Section 2-622.

## CONCLUSION

For the reasons stated above, the Healthcare Defendants' Rule 12(b)(6) motion is GRANTED, in part, and DENIED in part. The motion is denied to the

---

[4] The district judge in Threlkeld v. White Castle Sys., Inc., 127 F. Supp.2d 986, 991 (N.D. Ill. 2001) took the opposite approach, holding that Section 2-622 is merely a state pleading rule that has no effect in federal court.

7

extent that it seeks dismissal of Plaintiff's section 1983 claims regarding a denial of necessary medical care. The motion is granted to the extent it seeks dismissal of Plaintiff's supplemental state law claims of medical or healing art malpractice. Accordingly, the supplemental state law claims of medical or healing art malpractice, set forth in the Amended Complaint (Am. Compl. ¶¶ 77-78), are hereby DISMISSED WITHOUT PREJUDICE. Plaintiff is allowed until the close of business of April 30, 2009 to amend his complaint to include state law malpractice claims that are supported by an affidavit compliant with 735 Ill. Comp. Stat. 5/2-622.

ENTERED this 4th day of March, 2009.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge